**Ellis v. Northeastern School District**

*Allen H. Smith,* for plaintiff.

*Gloriana Noreika,* for defendant.

CASSIMATIS, *J.,* November 19, 1992—The complaint for damages in the instant matter was filed on March 26, 1990, by the plaintiff, Ricky Ellis, by his parent and natural guardian, Claud Ellis, as a result of an incident which occurred on October 6, 1986, at which time it is alleged that while participating in a flag football game during physical education class, the plaintiff sustained injuries as the result of an impact. The injuries suffered by the plaintiff, which consisted of a vertical column fracture with a spinal cord injury culminating in quadriparesis, are permanent.

Preliminary objections were filed by the defendants in the nature of a demurrer, requesting that the plaintiff's cause of action based upon a breach of warranty and breach of contract be dismissed. By an opinion and order of the court on August 23, 1990, the demurrer of the defendants as to Counts Two and Three was sustained, with the plaintiff granted leave to file an amended complaint to plead a cause of action pursuant to 24 P.S. §5-511(f). An amended complaint was filed by the plaintiff on September 11, 1990, alleging a cause of action under 24 P.S. §5-511(f).

A pre-trial conference was held on August 28, 1992, at which time the following issue was raised:

"You both shall research the issue of whether it will be relevant, after balancing the prejudicial issue, for the jury to be informed that the school district has a liability insurance policy, in force at the time of the alleged injuries, which would provide coverage for the injuries claimed by the plaintiffs. You shall brief this issue so that I may rule upon it in my pre-trial order. Plaintiffs' brief shall be due within 30 days and defendants' brief shall be due 10 days thereafter. Plaintiffs shall have five days

thereafter for any reply brief to address any issues covered in defendants' brief and not covered in plaintiffs' original brief."

Title 24 P.S. §5-511(f) reads as follows:

"(f) The board of school directors of any district is hereby authorized to appropriate any monies of the district for the payment of medical and hospital expenses incurred as a result of participation in such athletic events or games, practice or preparation therefor, or in transportation to or from such athletic events or games, or the practice or preparation therefor, and for the purchase of accident insurance in connection with such participation and transportation."[*]

The plaintiff argues that under section 5-511(f), insurance or no insurance, the defendant school is respon-

---

[*] "§5-511. *School athletics, publications and organizations—*

"(a) The board of school directors in every school district shall prescribe, adopt, and enforce such reasonable rules and regulations as it may deem proper, regarding: (1) the management, supervision, control, or prohibition of exercises, athletics, or games of any kind, school publications, debating, forensic, dramatic, musical, and other activities related to the school program, including raising and disbursing funds for any or all of such purposes and for scholarships; and (2) the organization, management, supervision, control, financing, or prohibition of organizations, clubs, societies and groups of the members of any class or school, and may provide for the suspension, dismissal, or other reasonable penalty in the case of any appointee, professional or other employee, or pupil who violates any of such rules or regulations....

"(c) The board of school directors may: (1) permit the use of school property, real or personal, for the purpose of conducting any activity related to the school program, or by any school or class organization, club, society or group; (2) authorize any school employee or employees to manage, supervise and control the development and conduct of any of such activities; (3) employ or assign any school employee to serve in any capacity in connection with any of such activities."

sible for the "medical and hospital expenses" of students who are injured in its athletic games and cite to the court the case of *Ruth A. Levenger, Administratrix of the estate of Sharon Jane Lloyd, deceased v. Northampton Area School District, et al,* 39 Northamp. L.J. 137. (1969). In *Levenger,* the complaint indicates that the decedent, while a student in the ninth grade of the Northampton Junior High School, Northampton, Pennsylvania, was severely injured while practicing for a gymnastic performance, from which she ultimately died. The decedent was a member of the school's gym club which was under the direction and supervision of the school's physical education instructor.

"Plaintiff contends, however, that the immunity of the school district in its governmental activities has been partially removed by the provisions of section 511 of the Public School Code of 1949, as amended, 24 P.S. §5-511(f) and, therefore, the complaint against the school district should not be dismissed. Section 511 of the Code provides, inter alia, that the school board shall prescribe rules and regulations governing athletics, publications and organizations and concludes with the following section: '(f) The board of school directors of any district is hereby authorized to appropriate any monies of the district for the payment of medical and hospital expenses incurred as a result of participation in such athletic events or games, practice or preparation therefor, or in transportation to or from such athletic events or games, or the practice or preparation therefor, and for the purchase of accident insurance in connection with such participation and transportation.' Does the foregoing authorization to pay hospital and medical expenses and to purchase accident insurance for those injured in athletic events or games con-

stitute a legislative determination that the school board should be responsible for such expenses irrespective of its governmental immunity?" *Id.* at 140 and 141.

"It has been judicially determined that participation in a program authorized by the Public School Code, whether of the formal curriculum or extra-curricular in nature, such as athletic events and games, are all within the ambit of the governmental function and immunity of the school district. Therefore, section 511(f) would have no meaning unless it is interpreted to shrink the area of governmental immunity to the extent of hospital and medical expenses incurred in connection with participation in such governmental activities. It is further noted that this section authorizes the direct payment of the expenses as well as the purchase of insurance and that the authorization is to acquire accident insurance rather than liability insurance. We believe this to be a recognition on the part of the legislature that, without regard to liability for negligence, a school district should pay the actual hospital and medical expenses incurred for a participant in athletic exercises, games or events or the practice or preparation therefor, or in transportation to or from such athletic events or games." *Id.* at 142.

At the time of this decision, there was absolute governmental immunity for school districts and their employees in all claims for negligence brought against them, which was abolished by the Pennsylvania Supreme Court in 1973, in the case of *Ayala v. Philadelphia Board of Public Education,* 453 Pa. 584, 305 A.2d 877 (1973).

Plaintiff has brought a claim for negligence under 42 Pa.C.S. §8542(b)(3), the real property exception. Plaintiff argues that a separate cause of action also exists under 24 P.S. §5-511(f) requiring that the school district be held liable for medical and hospital expenses, citing *Levenger.*

However, since this decision, the Legislature has granted the plaintiff the means by which to collect not only medical expenses, but other damages by lifting the veil of governmental immunity when there is an issue involving real estate or any of the other exceptions.

"Where terms are not otherwise defined 'words and phrases shall be construed according to rules of grammar and according to their common and approved usage.' 1 Pa.C.S. §1903." *Love v. City of Philadelphia,* 518 Pa. 370, 543 A.2d 531 (1988). In 24 P.S. §5-511(f), there is no requirement that the defendant school *must* or *shall* assume payment for medical or hospital expenses of individuals injured on their premises, but rather the defendant school is *authorized* to appropriate money or to purchase accident insurance.

Plaintiff, at trial, will present evidence regarding the factual issue of whether there was a defect on the defendants' property and if so, whether the defect was the cause of the plaintiff's injuries, and all his claims under his cause of action of negligence as permitted under 42 Pa.C.S. §8542(b)(3). Therefore, we will disallow any testimony as to any insurance policy the defendant school district had in force at the time of the alleged injuries.

Accordingly, we enter the following

## ORDER

And now, November 19, 1992, it is hereby ordered and directed that during the trial reference may not be made in front of the jury to a liability insurance policy held by the defendant, Northeastern School District, which was in force at the time of the alleged injuries.

The prothonotary is hereby directed to provide notice of the entry of this opinion and order as provided by law.